UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ADONIAS ALVAREZ PEREZ[1]                    CIVIL ACTION NO. 26-1900

                                            SECTION P

VS.

                                            JUDGE JAMES D. CAIN, JR.

WARDEN JACKSON PARISH                       MAG. JUDGE KAYLA D. MCCLUSKY
CORRECTIONAL CENTER, ET AL.

## REPORT AND RECOMMENDATION

Petitioner Adonias Alvarez Perez,[1] a detainee in the custody of the Department of

Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"),

petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  For reasons below, the

Court should deny the petition.

## Background

Petitioner entered the United States of America in 2004.  [doc. # 1, p. 7].  He filed this

proceeding on approximately May 29, 2026.

## Law and Analysis

Because it concerns the Court's power to decide the case, "[j]urisdiction is always first."

*Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (quoting *Arulnanthy v.*

*Garland*, 17 F.4th 586, 592 (5th Cir. 2021)).  "'Federal courts are courts of limited jurisdiction,'

possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S.

---

[1] Petitioner's "A-Number" is 222-560-152.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

251, 256 (2013) (citation omitted).  Several sections of the Immigration and Nationality Act curtail the jurisdiction of federal district courts in immigration cases.  *See Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018).

Here, Petitioner claims that on April 27, 2026,  he was unlawfully "detained at a checkpoint without cause or reason."  [doc. # 1, pp. 2, 6-7].

However, 8 U.S.C. § 1252(g) (emphasis added), strips the Court of jurisdiction over this claim.  Section 1252(g), provides: "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter."  Petitioner's claim arises from a decision to commence removal proceedings against him.[3]  Accordingly, the Court should dismiss this claim.

## Recommendation

For reasons above, **IT IS RECOMMENDED** that Petitioner Adonias Alvarez Perez's Fourth Amendment claim be **DENIED AND DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[3] *See Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007) ("[W]e hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."); *Limpin v. United States*, 828 F. App'x 429 (9th Cir. 2020) (opining, where a petitioner alleged that he was wrongfully arrested and detained in connection with removal proceedings, that the "district court properly dismissed [the] action for lack of subject matter jurisdiction because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction."); *Gupta v. McGahey*, 709 F.3d 1062 (11th Cir. 2013) (finding, where a petitioner argued that agents illegally created an arrest warrant, illegally arrested him, and illegally detained him, that Section 1252(g) barred the court from reaching the merits of the claims).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of June, 2026.

_____

Kayla Dye McClusky
United States Magistrate Judge

3